■ In the Matter of MARTY PATELSKY, Petitioner, v DEPARTMENT OF STATE OF THE STATE OF NEW YORK et al., Respondents.—Determination by the Department of State of the State of New York, dated February 15, 1978, made as a result of a hearing held, at which evidence was taken, pursuant to direction by law, suspending petitioner's apartment referral service agent license for a period of 90 days, unanimously annulled, on the law, and in the interest of justice, without costs and disbursements, and the matter remanded to respondents for rehearing. Complaints were received by the Department of State relating to the business and advertising practices of petitioner Patelsky, doing business as Best Apartments. As a consequence, he was charged with violation of article 12-C of the Real Property Law. The nature of petitioner's referral service is evidenced by an agreement between petitioner and the customer whereby for a $50 fee petitioner makes available to the customer listings from his directory of available apartments for a six-month period. Petitioner does not guarantee that customers will find a satisfactory apartment, and merely undertakes through telephonic communication to make a diligent effort to keep his listings current. It is specifically indicated that the service is not a real estate brokerage or sales operation and that the apartments listed have not been inspected. Rental contracts are made between the customer and the property owners. The complaint herein was filed by a departmental investigator who never appeared at the hearing. Indeed, while the complaint is supported in some measure by testimony derived from disgruntled customers, no clear record of wrongdoing is otherwise presented. The hearing officer in his conclusion of law states, *inter alia:* "the overall impression given by Best is that its service is mediocre. The office is apparently more indifferent toward its clients than malevolent." It is noted that the hearing officer found that there was no evidence of improper advertisement, no proof that petitioner referred clients to landlords after having been instructed by them not to make referrals, and that petitioner did render services to its clients, with two possible exceptions. While observing that people are finding some apartments through Best, the hearing officer concluded that the rules and regulations of the Department of State are not rigidly adhered to. It appears that petitioner's service by its very nature will encounter dissatisfaction on occasion. This factor, coupled with the unsatisfactory nature of the record herein (the lack of clear support by substantial evidence for the determination) and the need for an impartial, independent investigation by the Department of State, *proof of which was not submitted,* mandates annul-

ment of the administrative determination and remand of the matter for rehearing (see *Matter of Erdman v Ingraham,* 28 AD2d 5). Concur—Birns, J. P., Fein, Lane, Lupiano and Bloom, JJ.